UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X

FILED
CLERK
11:22 am, May 30, 2024
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES OF AMERICA

    - against -

LIANBO WANG,
    also known as "Mike Wang,"

           Defendant.

- - - - - - - - - - - - - - - - X

PRELIMINARY ORDER OF FORFEITURE

22-CR-484 (GRB)

WHEREAS, on or about March 19, 2024, Lianbo Wang, also known as "Mike Wang," (the "defendant"), entered a plea of guilty to the offenses charged in Counts Four and Eight of the above-captioned Indictment, charging violations of 18 U.S.C. § 1957 and 18 U.S.C. § 371; and

WHEREAS, pursuant to 18 U.S.C. § 982(a)(1), the defendant has consented to the entry of a forfeiture money judgment in the amount of three hundred sixteen thousand dollars and zero cents ($316,000.00) (the "Forfeiture Money Judgment"), in addition to the forfeiture of all right, title, and interest in the following assets (collectively, the "Subject Assets"):

    (i)    the real property and premises known as 2 Centre View Drive, Oyster Bay, New York 11771, Parcel 24-026-4, titled to Sherry Xue Li, and all proceeds traceable thereto;

    (ii)    the real property and premises known as approximately 568 Acres, Wild Turnpike, Rock Hill, New York 12775, Parcel 26.-1-6, titled to Thompson Education Center, LLC, and all proceeds traceable thereto;

    (iii)    the real property and premises known as approximately 67 Acres of Vacant Land, Wild Turnpike, Sullivan, New York,

                       Parcel 26.-1-13, titled to Thompson Education Center, LLC, and all proceeds traceable thereto;

    (iv)    the real property and premises known as 34 Renner Road, Fallsburg, New York 48289, Parcel 65.-1-11.59, titled to Thompson Education Center, LLC, and all proceeds traceable thereto;

    (v)    one DP-12 Double Pump 12 guage shotgun bearing serial number CP05280, seized by law enforcement on or about July 18, 2022;

    (vi)    one Tikka .308 caliber rifle, model T3X TAC A1 bearing serial number M42433, with accessories including: one Vortex PST II3-25X scope, one scope mount, one bipod, and one M-Lok bipod mount, seized by law enforcement on or about July 18, 2022; and

    (vii)    any other miscellaneous firearms or accessories seized on or about July 18, 2022,

as any property, real or personal, involved in the defendant's violation of 18 U.S.C. § 1957, or any property traceable to such property, and/or substitute assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

    IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

    1.    Pursuant to 18 U.S.C. §§ 982(a)(1) and 982(b)(1), and 21 U.S.C. § 853(p), the defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment and all right, title, and interest in the Subject Assets. The forfeiture of the Subject Assets shall not be credited towards the Forfeiture Money Judgment.

    2.    All payments made towards the Forfeiture Money Judgment shall be made by a money order, or certified and/or official bank check, payable to the U.S. Marshals Service with the criminal docket number noted on the face of the instrument. The defendant

shall cause said payment(s) to be sent by overnight mail delivery to Assistant United States Attorney Claire S. Kedeshian, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201. The Forfeiture Money Judgment shall be paid in full on or before the date of the defendant's sentencing (the "Due Date").

3. Upon entry of this Preliminary Order of Forfeiture ("Preliminary Order"), the United States Attorney General or his designee is authorized to seize the Subject Assets, to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceedings to comply with statutes governing third-party rights, including giving notice of this Preliminary Order. To the extent that the Subject Assets are in the custody of any state or local authority, including but not limited to the Property Clerk Division of the New York City Police Department, and are not subject to state or local forfeiture proceedings, such state or local authority is hereby directed to make the Subject Assets available for seizure by federal authorities in accordance with this Order.

4. The United States shall publish notice of this Preliminary Order in accordance with the custom and practice in this district on the government website www.forfeiture.gov, of its intent to dispose of the Subject Assets in such a manner as the Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Subject Assets as a substitute for published notice as to those persons so notified.

5. Any person, other than the defendant, asserting a legal interest in the Subject Assets may, within thirty (30) days of the final publication of notice or receipt of notice or no later than sixty (60) days after the first day of publication on an official

government website, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his or her alleged interest in the Subject Assets, and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to the notice of forfeiture of the Subject Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

6. The defendant shall not file or interpose any claim or petition seeking remission or contesting the forfeiture of the Subject Assets or any property against which the United States seeks to enforce the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding. The defendant shall fully assist the government in effectuating the surrender and forfeiture of the Subject Assets and the payment of the Forfeiture Money Judgment to the United States. The defendant shall take whatever steps are necessary to ensure that clear title to the Subject Assets passes to the United States, including, but not limited to, the execution of any and all documents necessary to effectuate the surrender and forfeiture of the Subject Assets to the United States. Further, if any third party files a claim to the Subject Assets, the defendant will assist the government in defending such claims. If the Subject Assets or Forfeiture Money Judgment, or any portion thereof, are not forfeited to the United States, the United States may seek to enforce this Preliminary Order against any other assets of the defendant up to the value of the Subject Assets, and the outstanding balance of the Forfeiture Money Judgment, pursuant to 21 U.S.C.

§ 853(p), as incorporated by 18 U.S.C. § 982(b)(1). The defendant further agrees that the conditions of 21 U.S.C. § 853(p)(1)(A)-(E) have been met.

7. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information or administrative notice. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the *Ex Post Facto* clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

8. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Preliminary Order shall become final as to the defendant at the time of the defendant's sentencing and shall be made part of the defendant's sentence and included in his judgment of conviction. Following publication of notice of this Preliminary Order and the conclusion of any ancillary proceedings, the government shall file a proposed Final Order of Forfeiture amending this Preliminary Order as necessary to account for any third-party rights, in accordance with Fed. R. Crim. P. 32.2(c)(2). If no third party files a timely claim, the government shall file a proposed Final Order of Forfeiture providing that the Subject Assets be forfeited to the United States for disposition in accordance with the law.

9. The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction. The United States alone shall hold title to the Subject Assets

following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

10. The forfeiture of the Subject Assets and entry and payment of the Forfeiture Money Judgment shall not be considered a payment of a fine, penalty, restitution loss amount, or payment of any income taxes that may be due, and shall survive bankruptcy.

11. This Preliminary Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

12. This Preliminary Order shall be binding only upon the Court's "so ordering" of the order.

13. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Preliminary Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

14. The Clerk of the Court is directed to send, by inter-office mail, three (3) certified copies of this executed Order to the United States Attorney's Office, Eastern District of New York, Attn: FSA Senior Law Clerk Jennifer Lai, 271-A Cadman Plaza East, Brooklyn, New York 11201.

Dated: Central Islip, New York
       May 30           , 2024

SO ORDERED:

/s/ Gary R. Brown

HONORABLE GARY R. BROWN
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK